UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| ANTHONY VIDAL d/b/a LAWN BARBERS, ALSO d/b/a DESIGNER LANDSCAPING BY TONY; LISA VIDAL; FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INTEGRA BANK, NATIONAL ASSOCIATION, EVANSVILLE, INDIANA; DAVIS H. ELLIOT CONSTRUCTION COMPANY, INCORPORATED; and VIOX SERVICES, INC., | ) ) ) ) ) ) ) ) ) ) ) ) | 3:12-cv-00181-RLY-WGH |
| Defendants. | | |

**ENTRY ON CROSS MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff, State Farm Fire & Casualty Company ("State Farm") issued a Businessowners Liability Insurance Policy (the "Policy") to Defendant, Anthony Vidal (individually, "Vidal") d/b/a Lawn Barbers and d/b/a Designer Landscaping by Tony. Defendants, Viox Services, Inc. ("Viox") and Federal Deposit Insurance Corporation, as Receiver for Integra Bank National Association, Evansville, Indiana ("Integra Bank"), are listed as Additional Insureds under the Policy.  State Farm filed a Declaratory Judgment Action to declare it did not owe a duty to defend or indemnify the Defendants.

1

State Farm moves for summary judgment. Viox cross-moves for summary judgment to declare that State Farm has a duty to defend and indemnify, and Integra Bank filed a response to State Farm's Motion for Summary Judgment arguing there is an issue of material fact. Defendants, Davis H. Elliot Construction Company ("Elliot Construction"), Anthony Vidal, and Lisa Vidal did not respond. For the reasons set forth below, Defendant Viox's Motion is **DENIED** and Plaintiff State Farm's Motion is **GRANTED.**

## I.  Background

### A.  The Underlying Lawsuit

Vidal, d/b/a Lawn Barbers and d/b/a Designer Landscaping by Tony, contracted with Viox, acting as Integra Bank's agent, to perform lawn maintenance at various Integra Bank locations in Illinois, Indiana, and Kentucky. (*See* Viox Services Subcontractor Agreement Landscaping Services ("Landscaping Services Agreement")). On June 8, 2011, Vidal was working at an Integra Bank branch in Henderson, Kentucky when he fell into a hole on the property thereby injuring himself. (*See* Vidal v. Davis H. Elliot Construction Company Complaint, ("Complaint")). Vidal believes Elliot Construction left the hole from construction previously done at the property. (*See id.*). Anthony Vidal and his wife, Lisa Vidal, brought suit in Henderson, Kentucky against Elliot Construction, Viox, and Integra Bank. (*See id.*). Anthony Vidal alleges their negligence caused his injuries and resulted in medical expenses, lost income, and pain and suffering. (*See id.*) Lisa Vidal asserts a claim for loss of consortium. (*See id.*).

### B.  This Lawsuit

As a result of the underlying lawsuit, Viox and Integra Bank, as additional insureds, are seeking a defense and indemnity from State Farm arising out of the Policy carried by Anthony Vidal. (*See* Reservation of Rights Letter). Additionally, Vidal agreed in the Landscaping Services Agreement to hold harmless and indemnify Viox. The court will discuss the specific provisions of the Insurance Policy throughout the discussion in Section III of this entry.

On May 15, 2012, State Farm issued a letter reserving the right to deny coverage to Integra Bank and Viox on three grounds: (1) they are not insureds under the policy; (2) they are excluded under the Contractual Liability Exclusion; and (3) they are excluded under the Employee Exclusion. (*See id.*). On July 2, 2012, State Farm filed a complaint in state court seeking a declaratory judgment that the Defendants do not have a right to a defense or indemnification from State Farm. (Complaint). Integra Bank removed the case from Vanderburgh Superior Court to this court on November 1, 2012. (Notice of Removal).

**II.     Summary Judgment Standard**

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict

in favor of the non-moving party on the particular issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On a motion for summary judgment, the burden rests with the moving party to demonstrate "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). After the moving party demonstrates the absence of a genuine issue for trial, the responsibility shifts to the non-movant to "go beyond the pleadings" and point to evidence of a genuine factual dispute precluding summary judgment. *Id*. at 322-23. "If the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court must enter summary judgment against her." *Waldridge v. Am. Hoechst Corp*., 24 F.3d 918, 920 (7th Cir. 1994) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 585-87); *see Celotex*, 477 U.S. at 322-24; *see also, Anderson*, 477 U.S. at 249-52.

### III. Discussion

Interpreting Insurance Policies

"Insurance policies are governed by the same rules of construction as other contracts, and their interpretation is a question of law." *Masten v. AMCO Ins. Co.*, 953 N.E.2d 566, 569 (Ind. Ct. App. 2011), *trans. denied.* In ascertaining and enforcing the parties' intent as manifested in the policy, the court construes the policy as a whole and considers all of the provisions of the policy and not just individual words, phrases, or paragraphs. *See id.* "Because we construe insurance policies as a whole in each case, prior cases that focus upon similar or identical clauses or exclusions are not necessarily determinative of later cases because the insurance policies as a whole may differ." *Id.*

4

Under Indiana law, a contact term is ambiguous if it is susceptible to more than one interpretation and reasonably intelligent people would honestly differ as to its meaning. *See Sans v. Monticello Ins. Co.*, 676 N.E.2d 1099, 1101-02 (Ind. Ct. App. 1997). If the language of a policy is clear and unambiguous, it should be given its plain and ordinary meaning. *See Meridian Mut. Ins. Co. v. Auto-Owners Ins. Co.*, 698 N.E.2d 770, 773 (Ind. 1998) (citations omitted). If the language is ambiguous, it is construed in favor of the insured. *See id.* But "[w]hen ... the injured party is not the named insured, the policy is construed from a neutral stance," even if the policy language is ambiguous. *Barga v. Indiana Farmers Mut. Ins. Group, Inc.*, 687 N.E.2d 575, 578 (Ind. Ct. App. 1997) (citing *Indiana Lumbermens Mut. Ins. Co. v. Statesman Ins. Co.*, 291 N.E.2d 897, 899 (Ind. 1973) ("The party claiming to be an insured in this case never paid a penny's premium to the insurer. We are therefore not in a situation where we must construe the contract language any certain way and can seek out the general intent of the contract from a neutral stance.")).

Here, Vidal, the named insured, is not the injured party seeking coverage; Viox and Integra Bank are seeking coverage as additional insureds. As such, the court will construe the policy from a neutral standpoint. In addition, the court will discuss the applicability of the policy in general in order to then determine whether or not State Farm has a duty to defend or indemnify.

> **A. Must Vidal be covered by the Policy for Viox and Integra Bank to be covered?**

5

State Farm issued its Policy to Vidal in March 2011. According to the Policy Vidal and his wife are the "Named Insureds." The Named Insured of the Policy is referred to throughout the Policy as "you" and "your". (Certified Policy 3). Pursuant to his contract with Viox, Vidal listed Viox and Integra Bank as additional insureds under the policy. (*See* Landscaping Services Agreement 4). The relevant text of the Additional Insured Endorsement to the Policy reads in relevant part:

> 1.  SECTION II – WHO IS AN INSURED of SECTION II – LIABILITY is amended to include, as an additional insured, any person or organization shown in the schedule, but only with respect to liability for "bodily injury"[1] . . . caused, in whole or in part, by:
>     a. Ongoing Operations
>         (1) Your acts or omissions; or
>         (2) The acts or omissions of those acting on your behalf;
>     in the performance of your ongoing operations for that additional insured.
>     b. . . . .
> 2.  Any insurance provided to the additional insured shall only apply with respect to a claim made or a "suit"[2] brought for damages for which you are provided coverage. (hereinafter, "Paragraph 2").

(Additional Insured Endorsement) (parenthetical added). Substituting Vidal for "you", State Farm argues that Viox's and Integra Bank's insurance through this policy is derivative of Vidal's. For reasons further evaluated in Section III.B., State Farm asserts that Vidal would not be covered by the Policy for this claim.

Integra Bank makes two arguments: (1) that its rights are not dependent on Vidal's and (2) Vidal's injuries arose out of the ongoing services provision in the Additional

---

[1] Bodily injury is defined as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. Bodily injury includes mental anguish or other mental injury caused by the bodily injury." (Certified Policy 34).

[2] Suit is defined as "a civil proceeding in which damages because of 'bodily injury' . . . to which this insurance applies are alleged. . . ." (Certified Policy 37).

6

Insured Endorsement. Integra Bank asserts that its rights as an additional insured are not dependent or derivative of Vidal's. In support of this argument, Integra Bank cites to *Travelers Casualty & Surety Company v. Elkins Constructors, Inc.*, No. IP97-1807-c-T/G, 2000 WL 724006 (S.D. Ind. May 18, 2000), for the proposition that an additional insured provision should be read broadly and extend to more than just vicarious liability for the actions of the named insured.

The court in *Elkins* began its opinion by noting that it could not locate any reported opinions construing an "additional insured" provision under Indiana law that was similar to the one before it. *See id.* at * 2. The provision in Elkins read: "WHO IS INSURED . . . is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured." *Id.* at fn. 4. For guidance, the court then turned to those cases outside of Indiana construing similarly worded provisions. *See id.* In those cases, the courts concluded additional insured coverage was not limited solely to claims of vicarious liability. Following the approach taken by the other courts, the *Elkins* court read the additional insured provision broadly and expanded it beyond coverage for vicarious liability. *See id*.

Here, the additional insured provision is notably different from the provision in *Elkins*. Paragraph 2 clearly indicates who "you" is and limits when the additional insured shall receive coverage. Furthermore, the Additional Insured Endorsement states "all other policy provisions apply." (Additional Insured Endorsement). The policy specifically states that "you" and "your" refer to the Named Insured. (Certified Policy 3).

7

Thus, the language refers to the Named Insured and "your coverage" can only be interpreted to mean the Named Insured's coverage. As State Farm argues, if "you" is construed to mean "Viox and/or Integra Bank" the provision would be meaningless. Reading the contract as a whole, it is clear that "you" means the Named Insured, and Paragraph 2 expressly limits the coverage available to the Additional Insureds to the coverage for which Vidal is provided. Although Indiana favors reading additional insured provisions broadly, the court cannot rewrite the contract.

Integra Bank further argues that Vidal's injuries arose out of his services and thereby it is entitled to coverage under the Additional Insured Endorsement. In support, Integra Bank cites to *Peabody Energy Corp. v. Roark*, 973 N.E.2d 636 (Ind. Ct. App. 2012).

In *Peabody*, an employee of a trucking company, who was injured while making a delivery to Peabody's mine, sued Peabody alleging that Peabody's negligence caused the accident. *See id.* at 638. Peabody then sought coverage and indemnification from a policy in which Peabody was the additional insured. *See id.* at 639. The relevant portion of the insurance policy provided that the additional insured is an insured "but only with respect to liability arising out of your [the trucking company's] operations or premises owned by or rented to you [the trucking company]." *Id.* at 640. The court found that the employee's actions were within the operations performed by the trucking company. *See id.* at 642. Therefore, Peabody was entitled to coverage as an additional insured. *See id.* at 643.

As State Farm indicates, *Peabody* is distinguishable from the present case because it did not contain language similar to Paragraph 2. Vidal's injuries clearly arise out of his acts "in the performance of [his] ongoing operations for that additional insured [Viox and Integra Bank]." (Additional Insured Endorsement). Nevertheless, Paragraph 2 adds another requirement for Viox and Integra Bank to be entitled to coverage; Vidal must be covered by the policy first. Thus, Integra Bank's argument fails.

Viox argues that it and Integra Bank, as additional insureds, should have rights under the Policy equal to Vidal's because they reasonably understood themselves to have rights equal to Vidal. In support, Viox relies on two cases which are easily distinguishable, as they apply only to illusory coverage. Viox relies on *Western Reserve Mut. Cas. Co. v. Holland*, 666 N.E.2d 966 (Ind. Ct. App. 1996)(finding that it is the public policy of Indiana to allow an insured to recover his reasonable expectation when an insurer has provided illusory coverage) and *Great Lakes Chem. Corp. v. Int'l Surplus Lines Ins. Co.*, 638 N.E.2d 847, 850 (Ind. Ct. App. 1994) ("even where clauses are unambiguous . . . but in effect provide only illusory coverage, the policy will be enforced to satisfy the reasonable expectations of the insured). Here, neither Viox or Integra Bank argue that the coverage is illusory. Therefore, the rule does not apply.

Finding there is no issue of material fact, the court finds that the Additional Insureds coverage is limited to that for which Vidal is covered. The court now turns to whether the claims asserted by Vidal would be covered under the Policy.

**B. Is Vidal covered?**

State Farm asserts three (3) reasons why Vidal is not covered by the insurance Policy. First, State Farm argues that because Vidal does not have to pay damages to himself, he is not covered under Section II of the Policy. Second, State Farm argues that the Policy excludes coverage for an injury to the insured's employees resulting in Vidal, as an alleged employee, to not be covered. Third, State Farm argues that the Contractual Liability Exclusion applies and the Insured Contract Exception to that exclusion does not apply.

Vidal's Policy is divided into sections. Section I covers property damage, and Section II covers the insured's liability. In Section II, the policy states:

> Coverage L – Business Liability
> 1.   . . . we will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. We will have the right and duty to defend the insured by counsel of our choice against any "suit" seeking those damages.

(Certified Policy 23).

Relying on the above paragraph, State Farm argues that coverage would not be granted to Vidal because he is not "legally obligated to pay" himself damages. The underlying complaint alleges omissions on behalf of Viox, Integra Bank, and Elliot Construction. The Vidals make no allegations against themselves. Therefore, according to State Farm, the Vidals would not be "legally obligated to pay" themselves damages. In addition, State Farm argues that the Policy is liability insurance only – not full coverage. The very essence of a liability policy is to defend the insured and pay the damages that it owes to others for the insured's acts. Liability coverage does not cover

the injury to oneself. Thus, State Farm asserts that because Vidal does not have to pay damages to anyone, he would not be covered under the Policy.

Viox responds that the Policy, by its express terms, allows "any person" including Vidal to recover for bodily injury to himself. (*See* Certified Policy 30). In support, Viox cites to the fifth paragraph in the Liability Section which states:

> 5. Damages because of "bodily injury" include damages claimed by *any person or organization* for care, loss of services or death resulting at any time from the "bodily injury." (emphasis added).

(*See id.*). State Farm replies by citing Section II, Coverage M – Medical Expenses Exclusions. That provision provides in pertinent part: "We will not pay expenses for 'bodily injury': . . . (2) To any insured, except 'voluntary workers'."

In addition, Viox argues that, under comparative fault principles, Vidal may become legally obligated to pay for his injuries. State Farm responds that under Kentucky Revised Statute § 411.182, fault is to be apportioned to all parties to each claim in a tort action. State Farm asserts that even if Vidal is apportioned some percentage of fault, this does not make him "legally obligated to pay" himself for his injuries. This allocation of fault merely reduces the amount the plaintiff will recover. Viox replies that "legally obligated to pay" does not require the payment obligation to arise from a lawsuit, but rather could mean Vidal's obligations to pay the uncovered portion of his medical bills. In support, Viox cites to *Travelers Indem. Co. v. Summit Corp. of Am.*, 715 N.E.2d 926, 934 (Ind. Ct. App. 1999)(concluding that a company's environmental cleanup costs were covered even though the costs were not incurred to satisfy a judgment, because

"[t]here is nothing in the policy provisions that requires that an insured become 'legally obligated to pay' as a result of any particular kind of proceeding, in court or elsewhere.").

Viox is likely right that, under Indiana law, the obligation to pay need not be the result of a judgment. Nevertheless, Vidal would not be covered under the Policy for the medical bills that he is "legally obligated to pay." Section M clearly and unambiguously states that the Policy does not cover expenses for bodily injury to any insured. Because the Vidals are both insureds, any expenses related to Vidal's bodily injury, such as the medical expenses, would not be covered by the Policy. As such, even if there is a legal obligation to pay under the Policy, the expenses that Vidal must pay are not covered under Section II of his Policy.

Consequently, Vidal is not covered by Section II of his Policy. As noted previously in this Entry, Vidal must be covered for State Farm to owe a duty to defend or indemnify to Viox or Integra Bank. Because Vidal is not covered, Viox and Integra Bank are not entitled to a defense or indemnification for the underlying claim from State Farm. This determination moots Defendant's additional arguments and will not be discussed by the court.

**IV.    Conclusion**

For the reasons set forth above, the court finds no genuine issue of material fact exists. State Farm does not have a duty to defend or indemnify the Defendants regarding the underlying claim pending in Henderson County, Kentucky. Accordingly, the court

**GRANTS** Plaintiff, State Farm's, Motion for Summary Judgment (Docket # 23) and

**DENIES** Defendant, Viox Services, Inc.'s, Motion for Summary Judgment (Docket # 26).

**SO ORDERED** this 28th day of October 2013.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed electronically to registered counsel of record.